```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                           AT NASHVILLE

MARTEZ McNABB,                    )
                                  )
        Plaintiff                 )
                                  )         No. 3:18-0067
v.                                )         Judge Trauger/Brown
                                  )         **Jury Demand**
JEFF LONG, Sheriff,               )
                                  )
        Defendant                 )
```

**RE:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders and that any appeal from such dismissal not be certified as taken in good faith.

### BACKGROUND

The Plaintiff, acting *pro se* and *in forma pauperis*, filed a complaint on January 18, 2018, against Sheriff Long and Lt. Vandenbosch of the Williamson County Sheriff's office. This complaint was reviewed by Judge Trauger (Docket Entry 7). In that review she summarized the factual allegations of his complaint, which covered a wide range. Her order noted that the Plaintiff failed to allege, for most of the complaint, whether he was personally subjected to the alleged unconstitutional behavior about which he was complaining. The order pointed out that the Plaintiff could only represent himself with respect to his individual claims and could not act on behalf of other prisoners. The order also pointed out that the Plaintiff failed to specify what the

Defendants Long and Vandenbosch did personally. Nevertheless, after giving the Plaintiff's complaint a liberal reading, the Court allowed his complaint to go forward on his allegation that the Sheriff, as a matter of policy, did not allow inmates sufficient outdoor recreation. All other claims against the Sheriff were dismissed. All claims against the Defendant Vandenbosch were dismissed.

The Court then, in Docket Entry 8, instructed the Clerk to send the Plaintiff a service packet for the Defendant Long and the Defendant was told that he **MUST** complete the service packet for Defendant Long and return it to the Clerk's office within **21 days** of the date of the Court's order. The Plaintiff was specifically warned that if he failed to return the completed service packet within the time allowed the Court could dismiss his action for failure to prosecute. The Plaintiff was notified that he could request additional time to comply with the order, if necessary.

The Plaintiff was also forewarned that his action could be dismissed for failure to prosecute if he failed to keep the Clerk's office informed of his current address at all times. The memorandum, opinion, and order (Docket Entries 7 and 8) were entered on May 22, 2018. As of the date of this report and recommendation the Plaintiff has not returned the service packets. The docket sheet (Docket Entry 9) reflects that on June 21, the Court's memorandum and order were returned to Clerk's office as not deliverable as addressed. The Clerk resent the memorandum and order

2

to the Plaintiff at an updated address in Antioch, Tennessee, on June 20, 2018. That mail, as of the date of this report and recommendation, has not been returned.

**LEGAL DISCUSSION**

A court must be able to control its docket. An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the Court's orders or engages in a clear pattern of delay. *Gibbon v. Asset Acceptance Corp.*, 2006 WL 3452521 at *1 (S.D. Ohio Nov. 29, 2006). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' *Link v. Wabash Railroad*, 370 U.S. 626,630-31 (1962); *Smith v. Correction Corp. of America*, 3:14-MC-0652 (Docket Entry 7) Judge Campbell, Middle District of Tennessee, June 2, 2014.

The Sixth Circuit in *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999), as set forth a four factor test.

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro* at 992.

In this case the party was warned at the outset of the case of the need to return the service packets and to keep a current address on file with the Clerk's office at all times (Docket Entry 8). The Plaintiff has failed to return the service packet and initially failed to keep a current address on file after his apparent release from the Williamson County Jail. The Clerk took extra efforts to send the memorandum, order, and service packet to him at an updated address, but the Plaintiff has still failed to respond by returning the service packet. Without the service packet the case cannot proceed.

The second factor, concerning prejudice to the Defendant, is not heavily impacted, although a defendant cannot even begin to prepare a defense until notice of the lawsuit is received. However, to the extent evidence might be lost or memories dimmed, there is a potential for prejudice to the Defendant.

On the third factor, it is clear that the Plaintiff was specifically warned that his failure to comply with Court orders could lead to the dismissal of his case.

Finally, while the Court could recommend dismissal with prejudice, the lesser sanction of dismissal without prejudice is recommended.[1]

In this case, since the Plaintiff is not responding to mail sent his apparent current address, it does not appear that a

---

[1] Even though a dismissal is without prejudice, the statute of limitations may still prevent the refiling of the case.

lesser sanction would be effective. Without the service packet being returned the case simply cannot proceed and the Court must be able to control its docket and remove unprosecuted cases.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice and that any appeal of such dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 26th day of July, 2018.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge